IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DUSTYN JAMES GROGAN, 177990, 2F, )
    Petitioner, )
)
    v. ) 2:15-cv-1436
)
ORLANDO HARPER, et al., )
    Respondents. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Dustyn James Grogan for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Dustyn James Grogan an inmate at the Allegheny County Jail has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. In his petition which is denominated as a §2241 petition Grogan contends he is being held in custody following a preliminary hearing which was conducted in violation of his Constitutional rights.

Grogan is charged at CP-02-CR-9791-2015 in the Court of Common Pleas of Allegheny County with possession of controlled substances/ contraband by an inmate. On October 28, 2015 when the instant petition was executed Grogan was seeking to challenge the earlier preliminary proceedings. However, as subsequently disclosed at CP-02-CR-9791-2015 on November 3, 2015 Grogan entered a guilty plea to the charges and sentence was imposed.[1]

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

---
[1] The relevant criminal docket sheet is public record and available at https://ujsportal.pacourts.us.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995). In the instant case, although denominated a §2241 petition, it is readily apparent that the petitioner here is seeking to challenge his state custody and for this reason the petition is properly treated as one filed pursuant to §2254.

It is also readily apparent that since the petitioner was sentenced only two days ago he could not have attempted to exhaust the available state court remedies and for this reason his petition here is premature. Accordingly, it is recommended that the petition of Dustyn James Grogan for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for relief exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Filed: November 5, 2015

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge